ROANE, Judge.
After stating the case, proceeded thus:
I will consider the plaintiffs on this declaration, as standing in two different characters. 1. As assignees of W. Reid. 2. As real owners of the debt sued for.
Under the first point of view, the testimony was improperly rejected; under the second, the endorsement of W. Reid was illegal testimony; and, therefore, rightly refused. But, in either case, the judgment rendered for the defendant is sustainable.
In the first view, the memorandum of settlement and endorsement of Reid were proper testimony, and ought to have been admitted; because there is a substantial, if not a literal correspondence, between them and the papers described in the declaration; and if the case, made in the declaration, is not such an one as to justify a final judgment for the plaintiff, that was not the proper time for the Court to have made such a decision. But when the Inferior Court has rendered a final judgment for the defendant, if there be an incurable defect in. the declaration, this Court will sustain the judgment; although, at a prior time, such Inferior Court erred; to wit, in rejecting the testimony offered at the trial.
There is an incurable defect in the declaration, considering the plaintiffs as suing in the character of assignees. The declaration, indeed, avers, that Reid assigned the *449 memorandum of settlement to the plaintiffs. But, this averment does not take from the Court, their province of deciding, whether there was in point of law an assignment or not: and, in making this decision, the Court will into the whole statement in the declaration. The latter part of the case stated, is a complete felo de se of the former; it shews, that Reid was not owner of the debt, but a mere agent of the plaintiffs; and that what the plaintiffs have termed an assignment, is merely a memorandum by him, that the debt acknowledged, is the property of the plaintiffs. An assignment pre-supposes a property in the assignor, and a recovery may be had against him on the failure of the obligor, on the ground of a debt due by him to the assignee; of which, the draft, called the assignment, is an evidence. These principles were settled by the case of Mackie v. Davis, 2 Wash. 219; and testing the present transaction by them, the idea of an assignment is clearly refuted. It is most clear, that Reid had never had a property in this debt; never meant to transfer a debt of his own to the plaintiffs; but merely to inform the plaintiffs, that this debt was their property; and he cannot be inferred, from his memorandum, to have owed the plaintiffs a sum, corresponding with the sum drawn for, but was merely- their agent or factor in the whole business. If too, the agent Reid, should ever be sued by the appellants, in the event of the insolvency of the appellee, on the ground of a debt imported to be due by the assignment, the declaration, in this action, would be a complete bar, thereto; inasmuch as it shews that no debt was due, nor can be inferred to be due, from him to the appellants, from the terms of his endorsement taken altogether.
The case made in the declaration, shews clearly, that there was no legal assignment of the debt in question; and, on this ground, judgment could never be rendered for the plaintiffs, upon this declaration.
This view supersedes the necessity of considering, whether the paper in question is in fact assignable or not, under our act of Assembly: A question, upon which I shall now pass no opinion.
Another view, under which the plaintiffs may be considered, on this declaration, is, as real owners of the debt. As the latter appears to be really the ease, although in form they may perhaps entitle themselves, as assignees, the declaration might probably be sustained on the authority of Byrd v. Cocke, 1 Wash. 232; and on those liberal princi *450 pies of decision, which disregard technical formality for the • sake of substantial justice.
But the question still recurs, whether, in this view of the subject, the District Court did right in rejecting the testimony offered ? And, I'am of opinion, they certainly did right, in so far as they rejected the memorandum of W. Reid. • Keeping the idea of an assignment out of view, for the present, fV. Reid, as to the matter of this endorsement, can only be considered as a witness; and, whether his evidence was, or was not relevant, or necessary to corroborate the settlement of the appellant, Herndon, it is clear, that before it could be received, by the Court, it ought to have been taken under the customary sanction. This not being done, his memorandum being, in fact, a mere assertion of an individual, it was rightly considered by the Court as inadmissible. 0
In either view of the case, therefore, I think the judgment of the District Court was right, and that it ought to be affirmed.
FLEMING, Judge. The note in question amounted to a promise; and the memorandum was a good assignment; to constitute which, no particular words are necessary. I think, therefore, that the plaintiff was entitled' to his action; and I am equally clear, that-the paper should have been given in evidence. For, it is enough, if the plaintiff shews a good cause of action, and the evidence corresponds with the statement made in the declaration, which was the case in the present instance. I am, therefore, of opinion, that there was error in refusing the evidence; and that the judgment should be reversed, the cause sent back for a new trial, and a direction given to admit the evidence.
CARRINGTON, Judge. At the stage at which the cause was in the Court below, I think it was improper for the Court to decide, as to the validity of the note, or of the assignment, of which there was a profert in the declaration. They were the evidence declared on, and, therefore, the plaintiff ought to have been permitted to offer them to the jury, in support of.it. Whether they would have maintained the action, if there had been a demurrer to the evidence, or a motion in arrest of judgment, is unnecessary to be now decided, as the cause had not advanced to either of those stages, but its progress was pre *451 maturely arrested. In this view of the subject, the cases of Brown v. Putney, 1 Wash. 302, and Wilcocks v. Huggins, 2 Stra. 907, concerning the act of limitations, can have no application. Upon the whole, I am of that as the case comes up, the District Court erred in suppressing the paper; that, therefore, the judgment should be reversed, and the cause sent back for a new trial, with instructions to admit the evidence, so that the plaintiff may have an opportunity of proving the note, if he can.
LYONS, Judge. If the declaration was bad, the defendant should have demurred, or taken advantage of it by pleading. But, he could not, upon the trial of the cause, object to the introduction of the evidence, if it was consistent with the declaration. If the action was not sustainable, he should have demurred to the evidence, or moved in arrest of judgment; but, he could not prevent the plaintiff from proving his declaration, by testimony which corresponded with the allegations of it.
I concur, therefore, with the two Judges, who are for reversing the judgment, and sending the cause back for a new trial, with directions to admit the evidence.
The judgment was as follows:
u The Court is of opinion, that the said judgment is erroneous in this: That the said Court refused to admit the writings, in the bill of exceptions stated, to go to the jury as evidence, which were proper evidence, on the issue; and the appellants ought to have been allowed to prove them.* Therefore, it is considered that the said judgment be reversed, &c.; and it is ordered, that the jurors’ verdict be set aside, and that a new trial be had in the cause; on which the said writings are to he allowed to go as evidence to the jury, on proof of the execution thereof.”†

[* Anderson v. Bullock et al. 4 Munf. 444; Preston v. Bowen, 6 Munf. 271; Wildman v. Glassop, 1 Barn. & Ald. 13.]

[† On the second trial, verdict was found for the plaintiffs. The defendant filed errors in arrest of judgment, on several grounds, one of which was, that the note and assignment, as stated in the decjaration, did not entitle the plaintiffs to recover, in the form in which they had declared judgment for the defendants; from which plaintiffs appealed to this Court. Tucker, J. This Court having reversed the former judgment, which was rendered in favour of the defen® dant9 and directed a new trial to be hail in the cause, must be presumed to have thought the declaration sufficient; otherwise, they would have affirmed the first judgment, though not for the reasons given in the bill of exceptions, as has been often done in this Court. I, therefore, do not conceive that any exception can be taken to the declaration upon this se° cond appeal. Roane, J. Upon a perusal of this case, as former!} reported, (see 2 Calif 5S0,) it appears *452 to have been the opinion of the Court, that the declaration contained a sufficient cause of action 5 else, the judgment of the Court would not have assumed the shape it did, which was to reverse the judgment, on the ground that the District Court erred in withholding the •writings offered by the plaintiff from the Jury. This question, therefore, was then settled, and is not now open for the decision of the Court. Murdock et al. v. Herndon’s ex'rs. 4 H. & M. 200.]